UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIGOBERTO ENRIQUE ISAZA,

    *Petitioner*,

vs.

DEPARTMENT OF CORRECTIONS, et al.,

    *Respondents*.

2:15-cv-00561-GMN-CWH

ORDER

    Petitioner, a Nevada prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF #1). Petitioner has failed to submit an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. 28 U.S.C. § 1915(a)(2) and Local Rules LSR1-1, 1-2.

    Thus, the present action will be dismissed without prejudice to the filing of a habeas petition pursuant to 28 U.S.C. § 2254 on the form required by this court in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

    Further, the court notes that petitioner has not named his custodian as a respondent. Under Rule 2(a) of the Rules Governing § 2254 cases, petitioner must name as a respondent the officer who has current custody of petitioner–usually the warden of the prison. Failure to name the custodian as respondent deprives the court of personal jurisdiction. *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003).

    Additionally, the claims appear to be unexhausted.[1] A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all

---

[1] This court may take judicial notice of the state court dockets, and it appears that petitioner's direct appeal is pending before the Nevada Supreme Court and that his claims are therefore unexhausted.

claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice to the filing of a petition in a new action with either the $5.00 filing fee or a properly completed application form to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

**DATED** this 29th day of April, 2015.

Gloria M. Navarro, Chief Judge
United States District Court